UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JODY LEDOUX, | |
| Plaintiff, | |
| -against- | |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

25-CV-9751 (RFT) (PAE)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On November 19, 2025, Plaintiff Jody LeDoux filed a pro se complaint alleging violation of the Electronic Transfer Fund Act and Regulation, naming Defendant J.P. Morgan Chase Bank, N.A. (*See* ECF 1, Compl. at 1) On December 1, 2025, Chief Judge Swain directed Plaintiff to file an application to proceed in forma pauperis or render payment of the filing fee. (*See* ECF 4.) On December 30, 2025, Plaintiff paid the required fee. (*See* ECF entry dated 12/30/2025, "Pro Se Payment of Fee Processed".) On January 2, 2026, the case was referred to me by the Honorable Paul A. Engelmayer for general pretrial supervision. (ECF 6.) On January 9, 2026, a summons was issued and an information package, including 1 copy of the summons, was mailed to Plaintiff (ECF 7). On January 17, 2026, Plaintiff requested the issuance of a summons. (ECF 9; ECF 10.) On February 11, 2026, I issued an order directing Plaintiff to write a letter to the Court by February 27, 2026 indicating whether he needed the service package with the summons to be mailed again. (*See* ECF 11.)

As of the date of this order, no proof of service of the summons and complaint has been filed on the docket. Nor has Plaintiff written a letter requesting another copy of the service package with the summons.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

If a defendant is not served within 90 days after the complaint is filed, the court –
on motion or on its own after notice to the plaintiff – must dismiss the action
without prejudice against that defendant or order that service be made within a
specified time. But if the plaintiff shows good cause for the failure, the court
must extend the time for service for an appropriate period. This subdivision (m)
does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1),
or to service of a notice under Rule 71.1(d)(3)(A).

Because Plaintiff could not have served Defendant until the summons was issued on

January 9, 2026, I conclude that the 90-day period for service ended on **April 9, 2026**. I am

retroactively (nunc pro tunc) and on my own initiative (sua sponte) extending Plaintiff's time to

serve Defendant and file proof of such service on the docket until **May 20, 2026**.

In accordance with Rule 4(m), Plaintiff is notified that if he fails to file proof of service by

that time or ask for additional time to do so, I may recommend that Judge Engelmayer dismiss

the claims against Defendant for failure to prosecute this case.


Dated: April 20, 2026
    New York, NY

SO ORDERED.

_____

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

2